**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| Kelvin Dewan Dudley, | |
| Plaintiff, | Case No. 4:21-CV-01224-JCH |
| v. | |
| Michael Newbold, et al., | JURY TRIAL DEMANDED |
| Defendants, | |

**MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS**

COMES NOW Defendant Brent Bury, by and through undersigned counsel, and offers the following memorandum in support of his motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. Proc. 12(b)(6) for failure to state a claim and failure to comply with Fed. R. Civ. Proc. 8(a)(1), (a)(2) and (d)(1).

**I. INTRODUCTION**

On October 13, 2021, Plaintiff filed a Complaint alleging a "Declaration of Status of Corporate Fraud of Kelvin Dewan Dudley, a Private American State National and Inhabitant on Missouri and Petition for the Redress of Grievances." Defendant is unable to ascertain or decipher any claims that are actually asserted against him. Many of the allegations in Plaintiff's Complaint are conclusory assertions of fact and irrelevant allegations that provide little support for any identifiable claim placed before the Court. Further, the Complaint lacks jurisdictional requirements required by Rule 8(a)(1) and the simplicity and plainness as required by Rule 8(a)(2). Consequently, Plaintiff's Complaint and all ascertainable counts therein must be dismissed because they fail to state a claim upon which relief can be granted and fail to comply with Fed. R. Civ. Proc. 8(a)(1), (a)(2) and (d)(1).

## II.  STANDARD OF REVIEW

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989)). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content... allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id*. (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)). While a pro se plaintiff's complaint is construed liberally, the court "will not supply additional facts, nor…construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (quoting *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1991)). The Court is not bound to accept legal conclusions as true when they are disguised as factual allegations. *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive Rule 12(b)(6) motion to dismiss. *Id.* at 678.

## III.  MOTION TO DISMISS

Plaintiff's "Declaration of Status of Corporate Fraud of Kelvin Dewan Dudley, a Private American State National and Inhabitant on Missouri and Petition for the Redress of Grievances" is a 59-page, 323-paragraph document consisting of various conclusory assertions of fact and several ambiguous averments, none of which articulate any actual comprehensible claim or

demand for relief. Defendant is cognizant of the practical limitations placed on *pro se* litigants, like Plaintiff, that can affect their ability to draft well-pleaded complaints. And, though the court must construe *pro se* pleadings liberally, *Ouzts v. Cummins,* 825 F.2d 1276, 1277 (8th Cir.1987), *pro se* litigants are not excused from complying with substantive and procedural law. *American Inmate Paralegal Assoc. v. Cline,* 859 F.2d 59, 61 (8th Cir.1988). As written, Defendant simply cannot succinctly respond to any purported asserted claim.

Plaintiff has failed to assert "a short and plain statement of the grounds for the court's jurisdiction" as required under Fed. R. Civ. Proc. 8(a)(1). "While the pleading standards are not intended to be onerous on plaintiffs, defendants and courts are not required to scour the federal code to locate applicable statutes and jurisdictional bases that a plaintiff may or may not be invoking." *Lane v. City of Lee's Summit*, No. 4:21-00437-CV-JAM, 2021 WL 5311330, at *2 (W.D. Mo. Nov. 15, 2021).

Plaintiff attempts to invoke this Court's jurisdiction on the Civil Cover Sheet filed on October 13, 2021 (Doc. 2) alleging that the basis for jurisdiction is that the U.S. Government is a named defendant. However, none of the named "respondents" are U.S. Government employees, nor is the U.S. Government named as a Defendant. Indeed, Plaintiff can only assert subject matter jurisdiction as a federal question or through diversity of citizenship. Because Plaintiff alleges that he is a citizen of Missouri (see Complaint, page 1 stating that Plaintiff is an "inhabitant on Missouri") and each of the Defendants are also citizens of Missouri (although not specifically articulated), no diversity jurisdiction exists. 28 U.S.C. § 1332. Plaintiff's only avenue to invoke this Court's jurisdiction is a federal question claim. 28 U.S.C. § 1331. However, Plaintiff has failed to allege any violation of right secured by the Constitution, laws or

treaties of the United States[1]; therefore, this Court lacks subject matter jurisdiction and Plaintiff's Complaint must be dismissed. *Northwest South Dakota Production Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986).

As further basis for dismissal, Plaintiff fails to state "a short and plain statement of the claim showing that the pleader is entitled to relief" pursuant to Fed. R. Civ. Proc.8(a)(2). The rule requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This requirement is designed "to give the defendant fair notice of what the...claim is and the grounds upon which it rests." *Id.* Each allegation of a pleading "must be simple, concise, and direct." Fed. R. Civ. Proc. 8(d)(1). And conclusory allegations alone do not state a claim. *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002). Indeed, "[w]hile the court must accept allegations of fact as true when considering a motion to dismiss, the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Id.* at 870 (citations omitted).

An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Thus, while Rule 8(a)(2) does not require "detailed factual allegations," it does require a "'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at 555 n. 3. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

---

[1] Indeed, Plaintiff's Civil Cover Sheet states the Nature of the Suit is that of a "Negotiable Instrument," "Other Contract," or "Racketeer Influenced and Corrupt Organization."

Here, Plaintiff's Complaint is substantively deficient and must be dismissed. Plaintiff relays – in haphazard, narrative form – a chronology of what he believes to be the history of the United States, as well as multiple allegations of "Vatican fraud" corporate fraud, bank fraud and court fraud, with no substantive support. The Complaint consists of conclusory allegations and extensive assertions that are often irrelevant to *any* specific attempted cause of action – notwithstanding the fact that Plaintiff has failed to allege any specific action taken by Defendant Bury to violate his rights. Defendant cannot meaningfully respond to any such purported claims, particularly as they are neither "simple, concise, [nor] direct," as required by Fed. R. Civ. Proc. 8(d)(1), and enveloped in incomplete and extraneous material. Plaintiff has failed to plead *any*, let alone "enough[,] facts to state a claim to relief [against Defendant] that is plausible on its face." *Twombly,* 550 U.S. at 570. And there is no basis for the Court to "draw the reasonable inference that…[De]fendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

For these reasons, Plaintiff's Petition fails to comply with Fed. R. Civ. Proc.8(a)(2), thereby depriving Defendant of "fair notice of what the...claim is and the grounds upon which it rests," *Twombly,* 550 U.S. at 555, and prejudicing Defendant's ability to provide a meaningful answer to Plaintiff's allegations. Accordingly, Plaintiff's Petition must be dismissed.

## IV.  CONCLUSION

For all the foregoing reasons, Defendant prays this Court dismiss Plaintiff's Complaint with prejudice and enter judgment in his favor, and for such other and further relief as this Court deems just and proper.

       Respectfully Submitted,

       HELLMICH, HILL & RETTER, LLC

By:  /s/ *Rachel Bates*
     RACHEL BATES                    #68696MO
     1049 N. Clay Ave.
     Kirkwood, MO  63122
     Phone:   314-646-1110
     Fax:      314-646-1122
     E-mail:  Rachel@hellmichhillretter.com
     *Attorney for Defendant Brent Bury*

## CERTIFICATE OF SERVICE

       The undersigned hereby certifies that on November 29, 2021, a true and accurate copy of the foregoing was mailed via pre-paid, first class mail and/or served via the Court's electronic filing system to the following:

Kelvin Dewan Dudley
4343 Darby Street
St. Louis, Missouri 63120
*Pro Se*

                                                      */s/ Rachel Bates*