# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KELVIN DEWAN DUDLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:21CV1224 JCH |
| | ) |
| MICHAEL NEWBOLD, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon its review of the file. *Pro se* Plaintiff Kelvin Dewan Dudley initiated this action on October 13, 2021, by filing his Declaration of Status and Corporate Fraud (hereinafter "Complaint"). (ECF No. 1). He named as Defendants Michael Newbold, Barbara Hyster, Anthony Gray, Felicia Ezell Gillespie, Brent Bury, Sam Page, Diann L. Valenti, and Wesley Bell. Plaintiff's Complaint is sixty pages long, and includes, *inter alia*, sections entitled Major Historical Facts, Positive and Negative Averments, and Vatican, Corporate, Bank and Court Fraud. It does not contain clear allegations setting forth Plaintiff's causes of action against each named Defendant.

In order to clarify the record, the Court will direct the Clerk of Court to send Plaintiff a blank form complaint, that he may utilize to file an amended complaint. Plaintiff is advised that the amended complaint will replace the original complaint. *See, e.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must submit the amended complaint on the court-provided form, and he must comply with the Federal Rules of Civil Procedure, including Rules 8 and 10. Rule 8 requires Plaintiff to set forth a short and plain statement of each claim showing entitlement to relief, and it also requires that each averment be

simple, concise, and direct. Rule 10 requires Plaintiff to state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances. Plaintiff must type, or very neatly print, the amended complaint.

In the "Caption" section of the amended complaint, Plaintiff must state the first and last name, to the extent he knows it, of the Defendant or Defendants he wants to sue. Plaintiff should also indicate whether he intends to sue the Defendant in his or her individual capacity, official capacity, or both. Plaintiff should avoid naming anyone as a Defendant unless that person is directly related to his claims.

In the "Statement of Claim" section, Plaintiff should begin by writing the individual Defendant's name. In separate, numbered paragraphs under that name, Plaintiff should write the specific facts supporting his claim or claims against that Defendant. If Plaintiff is suing more than one Defendant, he should proceed in the same manner with each one, separately writing each individual Defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting his claim or claims against that Defendant. Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, Plaintiff may choose a single defendant, and set forth as many claims as he has against him or her. *See* Fed. R. Civ. P. 18(a). Plaintiff's failure to make specific factual allegations against any Defendant will result in that Defendant's dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that, within **thirty (30) days** of the date of this Order, Plaintiff shall file an amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff a blank Civil Complaint Form (Non-Prisoner).

**If plaintiff fails timely to file an amended complaint in compliance with this Order, the Court will dismiss this action without prejudice and without further notice.**

**IT IS FURTHER ORDERED** that Defendants' Motions to Dismiss (ECF Nos. 13, 15, 17) are **DENIED** without prejudice.

Dated this 10th Day of January, 2022.

/s/ Jean C. Hamilton

UNITED STATES DISTRICT JUDGE