# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| KELVIN DEWAN DUDLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21CV1224 JCH |
| | ) | |
| MICHAEL NEWBOLD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Motions to Dismiss filed by Defendants Brent Bury, Barbara Hyster, Anthony Gray, Diann Valenti, Wesley Bell, Sam Page, and Felicia Ezell-Gillespie (collectively "Defendants").  (ECF Nos. 29, 31, 33, 38).  The motions are fully briefed and ready for disposition.

## BACKGROUND

Plaintiff Kelvin Dewan Dudley filed his original Complaint in this matter on October 13, 2021.  (ECF No. 1).  In his Amended Complaint, filed February 14, 2022, Plaintiff purports to

assert constitutional claims against Defendants Michael Newbold[1], Brent Bury, Barbara Hyster, Anthony Gray, Felicia Ezell-Gillespie, Sam Page, Diann Valenti, and Wesley Bell. (ECF No. 24). When asked to list the specific federal statutes, federal treaties, and/or provisions of the United States Constitution at issue in this case, Plaintiff responded as follows: "Comes now pursuant to the First Amendment, United States of all sister states in harmony. To life liberty to persons happiness. Failure to protect and forced Due Process." (*Id.*, P. 4). His statement of claim states in its entirety as follows[2]:

> On March 4, 2021 around 10:00 pm at Phil brook & Penrose while traveling in my private automobile officer Newbold came behind me at an exponential rate of speed, at which point he turned on his emergency signals. Upon him requesting proof of insurance, license & registration; he was informed that I do not have. Officer Newbold then requested proof of ID (Identification).
>
> I gave him my American State National Credentials.
>
> Officer Newbold detained me for 30 minutes, he returned hand me my Credentials, fled the scene and failed at any point before doing so to state his cause/reasons for said emergency. Later I received 3 Citations.
>
> That was mailed to an address previous used in the past.
>
> I sent Brent Bury & Barbara Hyster my Traffic Stop Notice, when none of them responded. I put Sam Page and Wesley Bell on Notice by sending both copies of all the documents I sent to Bury & Hyster. When they acquiesced. I had all 3 Clerks Served, Dianne Valenti, Brent Bury & Barbara Hyster. Valenti sent me an Affidavit REFUSED SERVED.

---

[1] Defendant Newbold was dismissed on June 9, 2022, for lack of timely service. (ECF No. 43).

[2] The Court has not corrected grammatical or other errors in Mr. Dudley's narrative.

> They're all Joint Tortfeasors.  Completely Ignored dismissed deprived and failed to protect me and continuing to tort.  I am still being affected by it today.  I am very disappointed and highly vexed that this system has failed me tremendously.  Please file all these documents in the evident file.

(*Id.*, P. 6).

Defendants filed Motions to Dismiss on February 24 and 25, March 14, and April 5, 2022, asserting Plaintiff has failed to state claims against them on which relief can be granted.

## STANDARD FOR MOTION TO DISMISS

In ruling on a motion dismiss, the Court must view the allegations in the complaint in the light most favorable to Plaintiff.  *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). The Court, "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted).  The Complaint's factual allegations must be sufficient "to raise a right to relief above the speculative level," however, and the motion to dismiss must be granted if the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  Furthermore, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555 (pleading offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do)).

## DISCUSSION

Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff).  In the instant action, Plaintiff has not set forth facts indicating that any of the remaining Defendants were directly involved in or personally responsible for the alleged violations of his constitutional rights.  For example, Plaintiff fails to assert any specific allegations against Defendants Gray and Ezell-Gillespie.  With respect to Defendants Bury, Hyster, Valenti, Page and Bell, Plaintiff alleges only that he sent them notice of his "Traffic Stop Notice" and they failed to respond.  Said contentions are insufficient to state a claim under § 1983.  *See, e.g.*, *Woods v. Goord*, 1998 WL 740782, at *6 (S.D.N.Y. Oct. 23, 1998) (receiving letters or complaints does not render prison officials personally liable under § 1983).  As a result, Plaintiff's Complaint fails to state a claim upon which relief can be granted, and these individuals are subject to dismissal in this action.[3]

## CONCLUSION

---

[3] To the extent Plaintiff intends to sue Defendants in their official capacities, naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, a plaintiff must allege that a **policy or custom of the government entity** is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978).  The instant complaint does not contain any allegations that a policy or custom of the City of Pine Lawn or St. Louis County was responsible for the alleged violations of Plaintiff's constitutional rights.  The Complaint as a whole therefore fails to state a claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Brent Bury, Barbara Hyster, Anthony Gray, Diann Valenti, Wesley Bell, Sam Page, and Felicia Ezell-Gillespie's Motions to Dismiss (ECF Nos. 29, 31, 33, 38) are **GRANTED**, and Plaintiff's Complaint against them is **DISMISSED** with prejudice.

Dated this 15th Day of June, 2022.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE